REGAN, Judge.
Plaintiff, John William Fargason, on behalf of his three minor children, William Thomas, Dorothy Jane, and John Leo, instituted this suit against the defendant, State Farm Mutual Automobile Insurance Co., the liability insurer of his automobile, endeavoring to recover the sum of $18,000, representing the personal injuries incurred by his children who were passengers in plaintiff’s automobile, driven by his wife, Mrs. Fargason, when it collided with a vehicle operated by Robert Borgstede, in the intersection of Fillmore Avenue and Cartier Street.
Defendant answered and admitted the occurrence of the accident and that it was the public liability insurer of Fargason, but denied that the proximate cause of the collision was the negligence of plaintiff’s wife, the operator of his automobile or that the children had suffered any injuries as a result thereof.
From a judgment in favor of the defendant dismissing plaintiff’s suit, he has prosecuted this appeal.
The facts are relatively simple, and what is even more rare they are relatively undisputed, and the cause thereof appears to be that neither of the operators of the respective vehicles involved in the collision was able to relate how it occurred.
In any event on March 28, 1956, at approximately 9 A.M., Mrs. Fargason, accompanied by her three minor children, was driving in the right lane of Cartier Street[1] moving at 15 miles per hour in the general direction from the river towards the lake.
Robert Borgstede was operating his vehicle in the left lane of Fillmore Avenue[2] moving at a speed of 30 miles per hour in the general direction of the Industrial Canal.
When both vehicles reached the intersection of Fillmore Avenue and Cartier Street the front of the Borgstede automobile struck the left front fender of the Fargason vehicle causing very minor injuries to Mrs. Fargason’s children, which are the subject of this suit.
The only witnesses who appeared herein and endeavored to testify as to the manner in which the accident occurred were the operators of the respective vehicles involved therein.
Robert W. Borgstede, who was subpoenaed as a witness by the plaintiff, appeared and related that on the morning of the accident he was alone driving in the left lane of Fillmore Avenue at a speed of 30 miles per hour moving in the direction of *385 the Industrial Canal, and when he arrived at the intersection of Fillmore Avenue and Cartier Street he “heard the crash.” He was unable to estimate the speed or describe the movement or location of the vehicle driven by Mrs. Fargason with which he had collided.
Mrs. Fargason testified that she was accompanied by her three children and was driving the family automobile in the right lane of Cartier Street at a speed of approximately IS miles per hour moving from the river towards the lake. When requested on direct examination to describe the manner in which the accident occurred, she related that she had no recollection of approaching the intersection nor could she reveal the movements or respective locations of the vehicles at the moment that the accident became imminent.
The foregoing elucidation reveals that the trial court had posed for its consideration the question of whether plaintiff had successfully carried the burden of proving his wife’s negligence as a cause of the accident or at least a contributing factor therein. The judge thereof was aware of the fact that a civil case need not be proven beyond a reasonable doubt and obviously concluded that the plaintiff had failed to prove his case with that certainty that the civil law requires, that is, a reasonable probability of negligence on the part of Mrs. Fargason.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us. We are of the opinion that no useful purpose would be served by indulging in any further discussion of the foregoing testimony or by engaging in judicial speculation as to the manner in which the accident occurred.
Our analysis of the record convinces us that the whole tenor amply supports the trial court’s conclusion since there is an absence of positive and affirmative proof of some negligence on the part of Mrs. Far-gasón, and the judgment is therefore correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. A one-way street.

. A boulevard divided by a neutral ground.